1499

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES,
Respondent v. Julia PHILLIPS and Jerry Johnson, Defendants, of
whom Jerry Johnson is Appellant. Appeal of Jerry JOHNSON.

(391 S.E. (2d) 584)

Court of Appeals

*Spencer Andrew Syrett,* Columbia, *for appellant.*

*Marshall Prince* and *Tana G. Vanderbilt,* both of *SCDSS,*
Columbia, *for respondent.*

*J. Carolyn Stringer,* Columbia, *Guardian Ad Litem, for
Child.*

Heard April 9, 1990.

Decided May 7, 1990.

SHAW, Judge:

Respondent, South Carolina Department of Social Services,

petitioned to terminate the parental rights of Julia Phillips and Jerry Johnson, the biological parents of Quilla Phillips. From an order of the family court terminating the parental rights of both Phillips and Johnson, Johnson appeals. We affirm.

The sole issue on appeal is whether there exists clear and convincing evidence that Johnson wilfully failed to support the child thus allowing for termination of Johnson's parental rights pursuant to S.C. Code Ann. § 20-7-1572(4).

The facts of this case are largely undisputed. The minor child was born on September 3, 1985 with severe medical problems and remained in the hospital. On January 3, 1986, Johnson was incarcerated in Manning Correctional Institution. Shortly thereafter, custody of the child was transferred to DSS. As of the date of the hearing on this matter, October 24, 1988, Johnson was still incarcerated and his first review for parole was not scheduled until 1991.

While incarcerated at Manning, Johnson worked for the Central State Laundry earning $24.25 every two weeks. After being transferred to Broad River Correctional Institution, Johnson began working in the commissary earning $12.75 every two weeks.

At the hearing, DSS presented testimony from Beverly Washington, the former caseworker on the matter. Ms. Washington testified that pursuant to a treatment plan, Johnson agreed to pay child support. While Ms. Washington testified Johnson agreed to pay $20.00 a month for child support, Johnson stated the amount set was $10.00 and not $20.00. Johnson admitted he did not pay anything. The trial judge found Johnson was asked to pay monetary support for the minor child but wilfully failed to do so and, finding it in the best interests of the child, ordered termination of Johnson's parental rights.

S.C. Code Ann. § 20-7-1572(4) provides for termination of parental rights upon a finding that

> [t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has wilfully failed to support the child. Failure to support means that the parent has failed to make a material contribution to the child's care when contribution has

been requested by the custodian of the child. A material contribution consists of either financial contributions according to the parent's means or contributions of food, clothing, shelter, or other necessities for the care of the child according to the parent's means . . .

Before parental rights may be severed, wilful failure to support after request by the child's custodian must be established by clear and convincing evidence. *Boyer v. Boyer*, 291 S.C. 183, 352 S.E. (2d) 514 (Ct. App. 1987). Johnson argues this burden was not met, for his failure to support was not wilful since he was incarcerated and his income was thus limited. We disagree. The record supports the trial judge's finding that the purchase of canteen food and cigarettes while in prison were unnecessary expenses and Johnson's wages could not have been significantly depleted by the occasional purchase of soap and personal grooming supplies. We further find that Johnson's incarceration for an undisclosed offense did not relieve him of his duty to support his child. *See Hamby v. Hamby*, 264 S.C. 614, 216 S.E. (2d) 536 (1975) (wherein our Supreme Court affirmed a finding of abandonment where the father voluntarily pursued a course of lawlessness resulting in his imprisonment and inability to perform parental duties). We therefore hold the record contains clear and convincing evidence that Johnson wilfully failed to support his child warranting termination of his parental rights pursuant to S.C. Code Ann. § 20-7-1572.

The order below is affirmed.

BELL and GOOLSBY, JJ., concur.