The South Carolina Court of Appeals

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Department of Social Services, Respondent,
v.
Sharon Smith, Adam Turkvant, Kenneth Grant, John Doe, and Desmond Smith, DOB 6-3-93, John Smith, DOB 9-21-89, Defendants, 
of whom Sharon Smith is Appellant.
 
 
 

Appeal From Orangeburg County
Anne Gue Jones, Family Court Judge

Unpublished Opinion No. 2006-UP-258
Submitted May 1, 2006  Filed May 19, 2006

AFFIRMED

 
 
 
Ariel Townsend Rosamond, of Orangeburg, for Appellant.  
Jerrod Austin Anderson, of Orangeburg, for Respondent.
Eugene L. Ott, and James B. Jackson, Jr., both of Orangeburg, for Guardian Ad Litem.  
 
 
 

PER CURIAM:  Sharon Smith appeals the termination of her parental rights to two of her children, Desmond Smith and John Smith.  We affirm.[1]
FACTS
The South Carolina Department of Social Services filed suit seeking to terminate the parental rights of Smith.  Adam Turkvant, Johns father, agreed to the termination of his rights.  The termination of Desmonds fathers rights has not been appealed.[2]  Desmond and John were removed from Smiths care when she tested positive for drugs at the time of Desmonds birth.  The boys were placed in the care of their great-grandmother, Maybell Color-Wolf, pursuant to a DSS safety plan.  They were removed from Wolfs care on November 5, 2001 because, at the age of 92 and in failing health, Wolf was unable to appropriately supervise and care for the children.[3]  Desmond and John were placed in foster care with a family that is now prepared to adopt both.  
Smith appeared at a court hearing regarding the children in November 2001.  After the hearing, the family court issued an order requiring Smith to do the following:  (a) complete all services [primarily drug counseling] recommended by the Dawn Center, (b) complete parenting classes and follow recommendations, and (c) maintain safe and suitable housing.  Smith did not attempt to communicate with anyone at DSS regarding the children again until over a year later in December 2002.  In the interim, in August 2002, Smith was incarcerated in a Florida federal prison on drug charges.  
While incarcerated, Smith has been employed earning $.68 per hour.  She has completed drug counseling and parenting classes.  Smith has failed to send any monetary support to Desmond and John other than some pajamas and a book.  
DSS filed the underlying TPR action in March 2004.  The family court terminated Smiths parental rights based on a failure to support for six months, failure to remedy the conditions that caused the removal of the children, and their presence in foster care for 15 out of the previous 22 months.  Smith appeals the courts rulings as to failure to support and failure to comply with her treatment plan.  
STANDARD OF REVIEW
In a TPR case, the paramount consideration is the best interests
of the children.  See Doe v. Baby Boy Roe, 353 S.C. 576, 579, 578 S.E.2d 733, 735 (Ct. App. 2003).  Grounds for TPR must be proved by clear and convincing evidence.  Hooper v. Rockwell, 334 S.C. 281, 296, 513 S.E.2d 358, 366 (1999).
 In a TPR case, the appellate court may review the record and make its own findings of whether clear and convincing evidence supports termination.  Hardy v. Gunter, 353 S.C. 128, 134, 577 S.E.2d 231, 234 (Ct. App. 2003).  However, our broad scope of review does not require us to disregard the findings below or ignore the fact that the trial judge was in a better position to assess the credibility of the witnesses. 
Dorchester County Dept of Soc. Servs. v. Miller, 324 S.C. 445, 452, 477 S.E.2d 476, 480 (Ct. App. 1996).
LAW/ANALYSIS
Smith claims the family court erred in finding that she willfully failed to support Desmond and John for a period of six months and failed to comply with her prescribed treatment plan.  We disagree.  
In support of her argument, Smith points out that she was not under a court order to pay support and that she was incarcerated since August of 2002.  While incarceration may limit a parents ability to earn, it does not relieve them of the burden to support their child. 
South Carolina Dept of Soc. Servs. v. Phillips, 301 S.C. 308, 310, 391 S.E.2d 584, 585 (Ct. App. 1990).  Furthermore, nothing in S.C. Code Ann. § 20-7-1572(3) & (4) . . . requires a parent be notified of [her] duty to support or visit [a child] before failure to discharge those duties may serve as grounds for termination of parental rights. 
South Carolina Dept of Soc. Servs. v. Parker, 336 S.C. 248, 258, 519 S.E.2d 351, 356 (Ct. App. 1999).  The record shows that Smith was earning $.68 per hour.  While that is an admittedly modest sum, the only things she ever sent to the children were pajamas and a book.  Additionally, in months immediately preceding her incarceration, Smiths whereabouts were unknown, and the unrefuted evidence is she provided no support during that time.  Based on the record and the applicable statutory provision, we find there is clear and convincing evidence to support the family courts determination.
Smith further claims the family court erred in finding that she had not complied with the terms of her treatment plan and remedied the conditions that caused the childrens removal from the home.  However, the record shows that Smith only attempted to comply with the counseling requirements of her treatment plan after her incarceration and that she had, as of the time of the TPR hearing, failed to obtain stable housing.  
As to the best interests of the children, the record shows that their behavior and schoolwork have improved significantly while in foster care.  They have established a bond with their foster parents calling them Ma and Da and, according to their caseworker, are ready to proceed with the process of adoption.  
Because there is clear and convincing evidence supporting the family courts termination of parental rights and because such action is in the best interest of the children, the ruling of the family court is
AFFIRMED.
 HUFF, STILWELL, and BEATTY, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Kenneth Grant and/or John Doe are cited as Desmonds father.  The judge determined that Desmonds father had failed to support or visit him for greater than six months and that Desmond had lived in foster care for at least 15 of the last 22 months.  
[3] The legal basis for removal was child abuse or neglect under S.C. Code Ann. § 20-7-490(2) (Supp. 2005).