THIS OPINION HAS NO PRECEDENTIAL VALUE AND SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 John Roe, Respondent,
 v.
 David J., Samuel T., a Minor under the age of eight (8) years, Alicia Roe, and John Doe, Defendants, of whom David J. is Appellant.
 
 
 

Appeal From Greenville County
 Stephen S. Bartlett, Family Court Judge
Unpublished Opinion No. 2007-UP-339
Submitted June 6, 2007  Filed June 28, 2007
AFFIRMED

 
 
 
 Thomas J. Quinn, of Greenville, for Appellant
 Vanessa L. Hartman, of Greenville, for Respondent.
 Chace Damon Campbell, of Greenville, Chace Campbell, for Guardian Ad Litem.
 
 
 

PER CURIAM: Father appeals the family courts order terminating his parental rights in Child based on a finding that father had willfully failed to support Child.  We affirm.
Facts
When Child was six months old his mother started dating and later married John Roe.  This action was initiated by Roe in attempt to legally adopt Child.  Roe claimed Fathers parental rights should be terminated due to Fathers willful failure to visit or support Child.  At the time of the hearing in this matter, Father was incarcerated and had been incarcerated since prior to Childs birth.
Early in Childs life, Father visited with Child on two occasions while incarcerated.  Father sent letters to Childs mother requesting that Child be brought for additional visits.  However, Childs mother was uncooperative.  Therefore, the family court found Fathers failure to visit Child was out of his control and was not willful.  
 
Fathers only means of income was from money orders send to him by his family.  The court noted that it was unclear how much money Father had received but found that between August 1, 2000 and March 20, 2006, Father spent a total of $1,976.21 and that Father had not provided any support for Child.  Instead, Father spent the money he received in the prison canteen on snack food, cigarettes, and various other nonessential items.  The family court, in its order, noted Fathers limited access to funds.  However, the family court found that Father had some disposable income, and he had willfully failed to use the income to support Child.  Based on this finding of a willful failure to support coupled with a determination that termination was in Childs best interest, the family court terminated Fathers parental rights.              
Standard of Review
In an appeal from a TPR, an appellate court may review the record and make its own determination whether the grounds for termination are supported by clear and convincing evidence.  Charleston County Dept of Soc. Servs. v. Jackson, 368 S.C. 87, 95, 627 S.E.2d 765, 770 (Ct. App. 2006).  Despite this broad scope of review, the appellate court should not necessarily disregard the findings of the family court, because the family court is in a better position to evaluate the credibility of the witnesses and assign weight to their testimony.  Id.  This degree of deference is especially true in cases involving the welfare and best interests of a minor child.  Ex parte Morris, 367 S.C. 56, 62, 624 S.E.2d 649, 652 (2006).  Before parental rights can be forever terminated, the alleged grounds for the termination must be proven by clear and convincing evidence.  S.C. Dept of Soc. Servs. v. Cochran, 356 S.C. 413, 589 S.E.2d 753 (2003).  
Law/Analysis
Section 20-7-1572(4) of the South Carolina Code (Supp. 2006) allows the family court to grant TPR upon a finding TPR is in the childs best interest and:

 The child has lived outside the home of either parent for a period of six months, and during that time the parent has wilfully failed to support the child.  Failure to support means that the parent has failed to make a material contribution to the childs care.  A material contribution consists of either financial contributions according to the parents means or contributions of food, clothing, shelter, or other necessities for the care of the child according to the parents means.  The court may consider all relevant circumstances in determining whether or not the parent has wilfully failed to support the child, including requests for support by the custodian and the ability of the parent to provide support . . . .

Just as it does in determining wilful failure to visit, the family court has wide discretion in determining whether a failure to support is wilful.  S.C. Dept of Soc. Servs. v. Headden, 354 S.C. 602, 612, 582 S.E.2d 419, 425 (2003).  To determine whether a parents failure to support or visit during the time of incarceration evinces a settled purpose to forego parental responsibilities requires a comprehensive analysis of all of the facts and circumstances.  S.C. Dept of Soc. Servs. v. Wilson, 344 S.C. 332, 339, 543 S.E.2d 580, 584 (Ct. App. 2001).
Although Father had limited funds at his disposal due to being incarcerated, he clearly had some funds and failed to provide support for Child.  Given Fathers expenditures on nonessential items, we find that the family court did not err in finding Fathers failure to support was willful.  See 
 
S.C. Dept of Soc. Servs. v. Phillips, 301 S.C. 308, 310, 391 S.E.2d 584, 585 (Ct. App. 1990) (holding incarcerated fathers failure to support child was willful despite his limited income when considering his expenditures on nonessential items in the canteen such as snack food and cigarettes).
 Accordingly, the order of the family court is
AFFIRMED. [1]
ANDERSON, KITTREDGE, and SHORT , JJ., concur. 
 

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.