**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William Frank Clawson, Jr., and Victoria Lynn Clawson, Respondents,

v.

Summer Tolleson and Andrew W. Hardin, Defendants,

Of whom Andrew W. Hardin is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2018-000640

---

Appeal From Spartanburg County
Phillip K. Sinclair, Family Court Judge

---

Unpublished Opinion No. 2019-UP-148
Submitted March 20, 2019 – Filed April 15, 2019

---

**AFFIRMED**

---

Patrick Hugh Allan, of Lee Law Offices, P.A., of Spartanburg, for Appellant.

Kenneth Philip Shabel, of Kennedy & Brannon, P.A., of Spartanburg, for Respondents.

Travis A. Moore, of Anderson, Moore, Bailey & Nowell, LLC, of Spartanburg, as Guardian ad Litem.

———————

**PER CURIAM:**  Andrew Hardin (Father) appeals the family court's termination of his parental rights (TPR) to his minor children.[1]  On appeal, Father argues the family court erred by finding clear and convincing evidence supported TPR on the ground that he willfully failed to support the children.  We affirm.

"In appeals from the family court, an appellate court reviews factual and legal issues de novo."  *S.C. Dep't of Soc. Servs. v. Jennifer M.*, 404 S.C. 269, 276, 744 S.E.2d 591, 595 (Ct. App. 2013).  However, "de novo review does not relieve an appellant of his burden to 'demonstrate error in the family court's findings of fact.'" *Id.* at 277, 744 S.E.2d at 595 (quoting *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011)).  "Consequently, the family court's factual findings will be affirmed unless [the] appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court."  *Id.* (second alteration in original) (quoting *Lewis*, 392 S.C. at 392, 709 S.E.2d at 655).

The family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and TPR is in the best interest of the child.  S.C. Code Ann. § 63-7-2570 (Supp. 2018).  A ground for TPR must be proven by clear and convincing evidence.  *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

We find clear and convincing evidence shows Father willfully failed to support the children.  *See* § 63-7-2570(4) (stating a statutory ground for TPR is met when a "child has lived outside the home of either parent for a period of six months, and during that time the parent has willfully failed to support the child.").

Father had an obligation to support the children, even though he was not ordered to pay child support.  *See Parker*, 336 S.C. at 258, 519 S.E.2d at 356 ("[N]othing in [section 63-7-2570(4)] requires a parent be 'notified' of his duty to support or visit [his children] before failure to discharge those duties may serve as grounds for termination of parental rights.").  Father has been incarcerated since November 2013, when the children were one and two years old.  Although Father's

_____

[1] The family court also terminated the parental rights of Summer Tolleson (Mother); however, she did not appear at the TPR hearing and did not appeal.

incarceration alone does not justify terminating his parental rights, Father had access to resources while incarcerated that he could have directed toward the support of his children; Father testified he worked several jobs while incarcerated and his parents put money into his canteen account, which he spent on extra food. *See S.C. Dep't of Soc. Servs. v. Wilson*, 344 S.C. 332, 340 543 S.E.2d 580, 584 (Ct. App. 2001) ("The voluntary pursuit of lawless behavior is one factor which may be considered, but generally is not determinative."); *see also S.C. Dep't of Soc. Servs. v. Phillips*, 301 S.C. 308, 310, 391 S.E.2d 584, 585 (Ct. App. 1990) (holding an incarcerated father willfully failed to support his child notwithstanding the father's contention that incarceration limited his income when father's "purchase of canteen food and cigarettes . . . were unnecessary expenses" and father's wages of $12.75 every two weeks were not significantly depleted by the occasional purchase of necessary grooming supplies); *Parker*, 336 S.C. at 258, 519 S.E.2d at 356 (holding an incarcerated father's failure to support his child was willful when he earned between $30 and $35 per month and spent the money on cigarettes, hygiene products, and phone calls). Father testified at the TPR hearing that he was unaware of any mechanism by which he could send his canteen money to the children from prison; however, the GAL testified he had personally received funds from inmates' canteen accounts. Father could have, at a minimum, directed his family members to send the money they were sending to him in prison to the children instead. *See S.C. Dep't of Soc. Servs. v. Smith* 419 S.C. 301, 317-18, 797 S.E.2d 740, 749 (Ct. App. 2017) (finding an incarcerated father's failure to support was not willful when he directed his grandmother to stop putting money in his prison account and use it for the support of his child instead), *rev'd on other grounds*, 423 S.C. 60, 814 S.E.2d 148 (2018). Moreover, Father earned $400 per week prior to his incarceration, but only provided the children with a box of diapers and one toy for each. *See S.C. Dep't of Soc. Servs. v. M.R.C.L.*, 393 S.C. 387, 394, 712 S.E.2d 452, 456 (2011) ("Although mother had no independent source of income, occasionally providing child with food, drinks, medicine, diapers, wipes, and toys would not be considered a material contribution."). Accordingly, we find clear and convincing evidence supports the family court's finding that Father willfully failed to support the children.

Additionally, we find TPR is in Child's best interest.[2] *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) (providing the

---

[2] Although Father did not appeal this finding by the family court, we address it because it concerns the rights of a minor Child. *See Ex parte Roper,* 254 S.C. 558, 563, 176 S.E.2d 175, 177 (1970) ("[W]here the rights and best interests of a minor

best interest of the child is the paramount consideration in a TPR case); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). The children have been living with the Clawsons since July 2013, when they were one and two years old. The Clawsons testified the children were doing very well, they were in private school and receiving good grades, and they knew the Clawsons as their parents and the Clawson's other children as their siblings. The Clawsons were able to meet the children's needs and intended to adopt them. *See* S.C. Code Ann. § 63-7-2510 (2010) ("The purpose of this article is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . ."). The GAL testified the children were well cared for by the Clawsons and the Clawsons were well prepared to provide for the children financially. Mrs. Clawson's sister testified she observed the children to be happy and healthy and the children were part of the Clawsons' family. While the children were very bonded to the Clawsons, the children had no relationship with Father, due to his incarceration; they had not seen him since November 2013. Father will not be released from incarceration until August 2020. We therefore believe, from the children's perspective, TPR of Father was in their best interest. *See Sarah W.*, 402 S.C. at 343, 741 S.E.2d at 749-50 ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate.").

**AFFIRMED.**[3]

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

child are concerned, the court may appropriately raise, ex mero motu, issues not raised by the parties.").

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.